IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ESAW LAMPKIN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-220 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ESAW LAMPKIN. For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

Petitioner is confined in the Texas Department of Criminal Justice, Correctional Institutions Division pursuant to an August 25, 2016 judgment and 35-year sentence for the offense of driving while intoxicated, third or more, out of the 124th District Court of Gregg County, Texas. *See State v. Lampkin*, No. 42,897-B. Further recitation of the procedural history and collateral review proceedings of petitioner's case are not relevant to the proceedings challenged herein.

II.
PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. The Board of Pardons and Paroles violated his Due Process and Equal Protection rights by denying him access to an in-prison DWI treatment program afforded to similarly situated prisoners;

2. The Board of Pardons and Paroles violated his Due Process and Equal Protection rights when it failed to consider his Offender's Rehabilitation Education Participation that reduced his risk factor against public safety;

3. The Board of Pardons and Paroles denied his parole in violation of petitioner's Fifth Amendment right against the risk of double jeopardy; and

4. The Board of Pardons and Paroles violated his Due Process and Equal Protection rights because petitioner was not allowed to be present and speak at his hearing.

III.
RESPONDENT'S ANSWER

On February 28, 2018, respondent filed her answer asserting petitioner's habeas application should be dismissed because his parole denial claims are not cognizable on federal habeas review. In her response, respondent fully and accurately briefed statutory and case law regarding the August 17, 2017 denial of petitioner's release to parole due to his criminal history, substance abuse and past behavior while on parole. [ECF 18 at 3-5]. Petitioner did not file a reply to respondent's answer.

IV.
MERITS

Petitioner contends the Board of Pardons and Paroles has improperly denied him parole. He requests to be released to an in-prison DWI treatment program and, after successful completion

of that program, to be immediately released to parole.[1] Petitioner has failed to assert a claim cognizable in federal habeas corpus proceedings. "Parole" is the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of his sentence under the supervision of the pardons and paroles division. Tex. Gov't Code § 508.001(6). According to the TDCJ-CID online Offender Information Detail, petitioner became eligible for release on parole on March 8, 2017.

Release from "confined" custody in the form of parole to serve the remainder of one's sentence outside prisons walls, subject to specific conditions, is left solely to the discretion of the Board of Pardons and Paroles. Because the decision whether to parole or not to parole is discretionary, prisoners in Texas possess no constitutionally protected right to release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 422 U.S. 1, 7 (1979); *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997); *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993).

There is no constitutional right to expectancy of, or liberty interest in obtaining, parole in Texas; therefore, it follows that a petitioner cannot complain of the constitutionality of procedural devices attendant to parole decisions. *Orellana v. Kyle*, 65 F.3d at 32. Consequently, to the extent petitioner claims he is entitled to immediate release from confinement to parole, his claim does not provide a basis for federal habeas corpus relief as no constitutional violation has occurred. Because petitioner possesses no liberty interest in obtaining release on parole, petitioner fails to present a cognizable constitutional claim. Therefore, for the reasons set forth by respondent and

---

[1] As stated by respondent, petitioner's argument that TDCJ officials have denied him access to an in-prison DWI pre-parole treatment program does not implicate the fact or duration of his imprisonment but instead sounds of a challenge to conditions of confinement that can only be contested by way of a 42 U.S.C § 1983 petition.

for the reasons set out above, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DENIED.

## V.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's answer filed February 28, 2018 [ECF 18], it is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner ESAW LAMPKIN be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 8, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).